## BOYD et al. v. DEENA ARTWARE, Inc.

Court of Appeals of Kentucky.
April 24, 1951.

Joseph S. Freeland, Paducah, for appellants.

Wheeler & Marshall, Paducah, for appellee.

VAN SANT, Commissioner.

The action was instituted by appellee, Deena Artware, Incorporated, a corporation engaged in manufacturing pottery lamp bases in Paducah, against more than sixty defendants, including former employees of the corporation, United Brick and Clay Workers of America, Local No. 908, and two union organizers, to enjoin violence, intimidating, mass picketing, and an alleged "secondary boycott" in connection with the picketing of appellee's manufacturing plant and warehouse. It is unnecessary to review the events leading to the strike other than to say that it resulted from a bona fide labor dispute.

Appellee's plant is located on the northeast corner of Third and Ohio Streets in the City of Paducah. Between Second and Third Streets which are perpendicular to Ohio Street, the Nashville, Chattanooga, and St. Louis Railroad has constructed and operates over a spur track. The record does not disclose the ownership of the land on which the railroad operates but that fact is not material to the issue. The manufacturing plant is to the west of the spur track and a warehouse owned by appellee is located on its property east of the track. The warehouse fronts one hundred feet on Ohio Street, extending approximately one hundred feet to the north paralleling Second and Third Streets, and is the southerly portion on a tract approximately three hundred and fifty feet in length and one hundred feet in width. Appellee has let a contract to an independent contractor for the construction of a new plant on the part of this tract which is not occupied by the warehouse. The contractor has no dispute with the appellant union or any other union or his own employees. There is no entrance or exit to the warehouse facing the new

construction work and no employee of the corporation need traverse the part of the tract on which the new plant is being constructed in order to enter or leave the premises now being used.

The union and the individual appellees established picket lines around the presently operated plant and warehouse previous to the institution of this suit and extended these lines to encircle the portion of the land upon which the independent contractor is constructing the new plant after suit was commenced. Temporary restraining orders and injunctions were granted on June 26, July 10, and July 23, 1948, and a permanent injunction was granted on September 17, 1948. The final order enjoined the union, eighteen members of the union who are former employees of appellee, and the two organizers or agents (1) from threatening, intimidating, abusing, assaulting, or picketing any employees of the plaintiff (appellee), Deena Artware, Incorporated, at or near its plant or elsewhere; (2) from congregating in large numbers at or about its plant; (3) from placing more than two pickets at any one time at the entrance of its plant; (4) from the commission of any acts of violence or breach of the peace; (5) from making any threats by phone; (6) from otherwise intimidating employees of the plant of the plaintiff (appellee), Deena Artware, Incorporated; (7) from threatening or intimidating any persons attempting to gain admission to its plant or place of business for the purpose of transporting its products to or from said plant or place of business or for any other lawful purpose; (8) from extending their picket line north of the north wall of the warehouse building hereinbefore referred to or east of the east wall of the buildings located on plaintiff's property, in such manner as to include within the picket line the property on which the new plant is being constructed.

In support of their contention that the judgment should be reversed, appellants argue; (1) an injunction will not lie against a labor union because of threats or acts of individual members for which the union is not shown to be responsible; (2) mere verbal abuse, not amounting to threats or intimidation is not enjoinable;

(3) forbidding members of a labor union to assemble for lawful or peaceable purposes restricts the constitutional guarantee of freedom of assembly contained in Section I of the Kentucky Constitution; and (4) peaceable "secondary boycotts" are not enjoinable under the law of Kentucky.

We deem it unnecessary to comment on the alleged principle that an injunction will not lie against a labor union because of threats or acts of individual members for which the union is not shown to be responsible, because, in this case, the evidence shows clearly that the union must shoulder the responsibility for the unlawful acts complained of. We do not mean to say that the union specifically directed its members to conduct themselves in the manner complained of; but they sent two organizers to Paducah to conduct the strike, one of whom came from Olive Hill, approximately four hundred miles away. He testified that he gave instructions on the methods to be used on the picket line; although he contended that he instructed the strikers to picket in an orderly manner. He admitted that he was present during the time complained of, although he denied observing any unlawful acts. This witness knew too much of the details of the events occurring during the strike to have been ignorant of the happenings of the unlawful acts complained of; and, since he admitted that he was placed in charge of the strike by his union and that he issued instructions as to the methods to be employed, the union he represented must be charged with the responsibility for what occurred. United States v. International Union United Mine Workers of America, D.C., 77 F.Supp. 563; United States v. International Union United Mine Workers of America, D.C., 89 F.Supp. 179; Bayonne Textile Corporation v. American Federation of Silk Workers, 114 N.J.Eq. 307, 168 A. 799; Id., 116 N.J. Eq. 146, 172 A. 551, 92 A.L.R. 1450; 43 C.J. S., Injunctions, § 143(e); 31 Am.Jur., Labor, Section 380, page 1024; cf. Jackson v. International Union of Operating Engineers, 307 Ky. 485, 211 S.W.2d 138.

Appellants' theory in respect to their second contention is that the in-

junction specifically prohibits them from verbally abusing the workers, and that this would be violated by referring to the workers as "scabs" and names of like import. The answer to this complaint is that the Fourteenth Amendment to the Constitution of the United States guarantees freedom of speech but does not guarantee one's right to abuse another, whether by speech or otherwise. The peace may be breached by speech as well as by overt action. Verbal abuse constitutes a breach of the peace, which is not guaranteed to its author by the Constitution.

█ The third contention is more serious. Undoubtedly the injunction is clothed in such terms as to prohibit appellants from congregating in large numbers at or about appellee's plant, although such assembly might be for a lawful purpose. In this respect, the prohibition is in absolute violation of Section I (6) of our Constitution, which reads:

"All men are, by nature, free and equal, and have certain inherent and inalienable rights, among which may be reckoned:
\* \* \* \* \* \*
"Sixth: The right of assembling together in a peaceable manner for their common good, and of applying to those invested with the power of government for redress of grievances or other proper purposes, by petition, address or remonstrance."

For this reason the judgment must be reversed. See Alsbrook v. Commonwealth, 243 Ky. 814, 50 S.W.2d 22; Commonwealth v. Compton, 259 Ky. 565, 82 S.W.2d 813.

There remains for our consideration the question of the Chancellor's right to enjoin the picketing of that part of plaintiff's business site on which the independent contractor was constructing the new plant to be used in connection with and as an addition to the old one. This area is contiguous to the realty on which the present plant is located and the new plant was planned to join the present warehouse building of the plaintiff, Deena Artware Company; in fact, the whole group of buildings: the old plant, the warehouse, and the new plant (or plant addition) are located on the same tract of land. The evidence indicates that several pickets walked around the construction area carrying signs which proclaimed their side of the controversy with appellee. Erection of the new plant was being carried on by an independent contractor using employees having no affiliation with the appellee company or the appellant union. There was no labor dispute between the independent contractor and his employees nor between the independent contractor and the appellant union. Despite this fact, the employees of the independent contractor refused to cross the picket line established by appellants, though apparently they did not abstain from work as the result of coercion other than that stemming from the existence of the picket line. Nevertheless, this activity on the part of appellants constituted an additional pressure on appellee to comply with the demands of the union. The appellee company considered this an unlawful extension of picketing.

The lower court granted an injunction against picketing of the independent contractor and appellants assert the granting of this injunction was an improper abridgement of the right of the union to peaceably picket. At this point it should be noted that the independent contractor is not asserting his rights, if any he has. He is not a party to the suit nor is he otherwise before the court. We do not express an opinion as to what our decision would be, if he were the complaining party.

█ Beyond question the law has been established that no dispute is necessary between an employer and his employees or between the employer and the union which pickets his business, to render peaceful picketing permissible. The Fourteenth Amendment to the Federal Constitution which guarantees the privilege of freedom of communication against any infringement by the states makes it mandatory upon the courts as agencies of the state not to arbitrarily deny its citizens the right to communicate an industrial grievance to others by means of non-violent and non-mass picketing. Thornhill v. State of Alabama, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093; Bakery and Pastry Drivers and Help-

ers Local 802 of International Brotherhood of Teamsters v. Wohl, 315 U.S. 769, 62 S.Ct. 816, 86 L.Ed. 1178; Cafeteria Employees Union, Local 302 v. Angelos, 320 U.S. 293, 64 S.Ct. 126, 88 L.Ed. 58; American Federation of Labor v. Swing, 312 U.S. 321, 61 S.Ct. 568, 85 L.Ed. 855.

This Court, in 1941, in Blanford v. Press Publishing Company, 286 Ky. 657, 151 S.W.2d 440, indicated that it felt itself obliged to follow the decisions of the United States Supreme Court relating to this question; and, in that opinion, we set forth the principle that peaceful picketing of a business establishment is lawful and non-enjoinable even though there be no industrial dispute between the employer and his workers.

Since that decision, the Supreme Court, in numerous cases, has reaffirmed that principle. Hughes v. Superior Court, 339 U.S. 460, 70 S.Ct. 718, 94 L.Ed. 985, International Brotherhood of Teamsters, Chauffeurs, Warehousemen, & Helpers Union, Local 309 v. Hanke, 339 U.S. 470, 70 S.Ct. 773, 94 L.Ed. 995, and see cases cited, supra. However, this Court is cognizant of a tendency on the part of the Supreme Court to permit the State to enjoin picketing where the declared public policy of the State, in preventing industrial disharmony in a particular situation, outweighs the fundamental right of the members of labor unions to impart their industrial complaint to society. That is to say, the tenor of recent Supreme Court decisions is to allow the State a reasonable discretion in adopting a policy forbidding peaceful picketing; and only where such discretion has been abused will an injunction against peaceful picketing be held to be an invalid deprivation of the right of free speech. As said by Mr. Justice Frankfurter in the case of International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers Union Local 309 v. Hanke, 339 U.S. 470, 70 S.Ct. 773, 775: "The effort in the cases has been to strike a balance between the constitutional protection of the element of communication in picketing and 'the power of the State to set the limits of permissible contest open to industrial combatants.' (Citation) A State's judgment on striking such a balance is of course subject to the limitations of the Fourteenth Amendment."

These decisions of course do not indicate an intention of the Supreme Court to depart from the fundamental principle that peaceful picketing is lawful in cases where the State has not declared a contrary public policy.

■ However this may be, we feel that the picketing in the case before us is not one our courts may properly enjoin at the suit of appellee, Deena Artware, Inc., which admittedly is an industrial disputant with the appellant union. We are dealing here with pressure exerted against an employer who has the primary dispute with the appellant union, the secondary effect being upon a complete stranger to the action. To hold that one otherwise subject to peaceful picketing might assert the rights of a stranger to avoid the consequences to himself would be to state a paradox which neither time nor change of public policy would give immediate proof. The picketing of the area under construction was being conducted without violence or intimidation, and with a reasonable number of pickets. The area which was picketed was contiguous to the warehouse, which unquestionably could be picketed, and it might reasonably be said to be an integral part of one industrial facility in the process of physical expansion, since it is separated from the remainder by a mere artificial line. In view of the peculiar facts of the case, we feel compelled to hold that the granting of the injunction was a denial of the constitutional guaranty of free communication as expressed in the Fourteenth Amendment to the Constitution of the United States.

Insofar as the judgment enjoins peaceful assembly and the picketing of the premises on which the new plant is being constructed, it is reversed; in all other respects, the judgment is affirmed.